**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1192
_____

EDVIN LEOPOLDO PEREZ CHINCHILLA,
                                                                 Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                                 Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-016-427)
Immigration Judge:  Honorable Charles K. Adkins-Blanch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2015
Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: January 20, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Edvin Leopoldo Perez Chinchilla ("Perez") petitions for review of a decision of the Board of Immigration Appeals. For the reasons below, we will deny the petition for review.

In July 2006, Perez, a citizen of Guatemala, entered the United States without inspection. On December 3, 2012, Perez was issued a notice to appear charging him with being removable as an alien present in the United States without being admitted or paroled. Represented by counsel, he conceded removability and applied for asylum,[1] withholding of removal, and relief under the Convention Against Torture (CAT). He argued that he feared persecution based on his membership in a social group: those who had refused recruitment by gangs.

After a hearing, an Immigration Judge (IJ) concluded that the one encounter Perez had with the gangs in Guatemala did not rise to the level of past persecution. Perez had testified that gang members had approached him to recruit him. When he refused, he was told that he would likely be beaten or killed by the gang. A.R. at 273. The IJ declined to determine whether Perez belonged to a particular social group. As for whether he had shown a likelihood of future persecution, the IJ determined that he did not demonstrate that he would be singled out or that there was a pattern or practice of persecution of similarly-situated individuals. The IJ noted that when Perez's father was threatened, he

_____

[1] Perez withdrew his application for asylum at the hearing because it was clear it was untimely. A.R. at 286.

2

received protection from the police for several months. The IJ also concluded that Perez had failed to establish that he would be targeted for torture.

Perez appealed and proceeded pro se before the BIA. He also submitted additional evidence. The BIA noted that the IJ found him removable based on his concession of removability. It also observed that he had admitted that his asylum application was untimely. Concluding that Perez had not shown a clear likelihood of persecution, the BIA declined to address whether Perez belonged to a particular social group. It noted that there was only one threat to Perez's life in 2006 and that the police had given protection to his father after the father was threatened in 2009. A.R. at 2-3. It determined that the police protection also undermined his claim for CAT relief. The BIA concluded that Perez's additional background evidence did not show that he would be singled out for persecution or torture, and it declined to remand the matter to the IJ for consideration of that evidence. As for his claim of ineffective assistance of counsel, the BIA noted that he had not complied with the procedural requirements of In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), and had not, and could not, show prejudice. Perez filed a pro se petition for review.

We have jurisdiction under 8 U.S.C. § 1252. Perez argues that the BIA incorrectly determined that his criminal convictions make him removable. However, he was found removable not based on his conviction but because he was present in the United States

3

without being admitted or paroled. Moreover, he conceded removability before the IJ. A.R. at 251.

We agree with the Government that several of Perez's arguments were not exhausted before the BIA. See 8 U.S.C. § 1252(d)(1) (A court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"). In his brief submitted to the BIA, Perez argued that his counsel was ineffective and that his conviction was for a crime he did not commit, but he did not address his eligibility for withholding of removal or CAT relief.[2] Nevertheless, because the BIA addressed those issues, they are considered exhausted. See Lin v. Attorney General, 543 F.3d 114, 123-24 (3d Cir. 2008).

To establish eligibility for withholding of removal, Perez needed to demonstrate that it was more likely than not that his life or freedom would be threatened in Guatemala on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); I.N.S. v. Stevic, 467 U.S. 407, 429-30 (1984). To be eligible for withholding of removal under the CAT, he needed to demonstrate that it was more likely than not that he would be tortured if removed to Guatemala. 8 C.F.R. § 1208.16(c)(2). We may not reverse the BIA's decision unless the record evidence would compel a reasonable fact-finder to conclude that Perez had met his burden. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

---

[2] He also submitted several memoranda of law addressing irrelevant issues.

4

In his brief, Perez argues that he demonstrated past persecution. He asserts that he was threatened when he refused to join the MS-13 organization and saw his neighbor being killed because he refused to join. Before the IJ, he testified that the neighbor was beaten after refusing recruitment. A.R. at 274. In an affidavit submitted with his application, Perez asserted that the neighbor refused recruitment and was so scared he left town. The alleged killing of the neighbor was not presented to the IJ. We may decide a petition for review based only on the administrative record. See 8 U.S.C. § 1252(b)(4)(A). Perez has not demonstrated that the single threat from the gang mentioned in his testimony compels a finding that it is more likely than not that his life or freedom will be threatened if he is removed to Guatemala. See Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007) ("Abusive treatment and harassment, while always deplorable, may not rise to the level of persecution."); Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993) (persecution denotes extreme conduct, including "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom").

Perez challenges the BIA's decision to not reach the issue of whether he belongs to a particular social group. However, because Perez had not shown that his life or freedom would be threatened, the BIA did not need to determine whether Perez belonged to a particular social group. Perez also challenges the IJ's determination that he could

5

safely relocate within Guatemala; however, we see no such finding in the IJ's opinion. The IJ merely noted Perez's belief that it was not possible to relocate. A.R. at 210.

Perez also contends that the BIA did not consider whether what would happen to him if he is removed to Guatemala would constitute torture. However, the BIA did conclude that Perez had not shown he would be singled out for torture and noted that the police extended protection to Perez's family. Moreover, Perez does not point to any evidence in the record that would compel a finding that he would be tortured. He does not address the IJ's finding that the police gave his father protection.

In his reply brief, Perez argues that his prior counsel was ineffective and the BIA erred in failing to remand the matter for consideration of his new evidence. However, he did not raise these arguments in his opening brief. We will "not consider arguments raised on appeal for the first time in a reply brief." Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998). Moreover, he does not challenge the BIA's determination that he had not complied with the procedural requirements of In re Lozada, and could not show prejudice. He also cites several "material facts" but does not provide any record citation in support.

Perez has not shown that the record would compel a reasonable factfinder to conclude that it is more likely than not that his life or freedom would be threatened or that he would be tortured if he is removed to Guatemala. Accordingly, we will deny the petition for review. Perez's motion for the appointment of counsel and second motion to

6

stay removal are denied.  The Government's motion for leave to file a supplemental

appendix is granted.